NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| William SORBER and Grace Johns, individually, and on behalf of a class of all persons similarly situated, | : : : : : | |
| Plaintiffs, | : : | Civ. No. 09-cv-3799 |
| v. | : : | OPINION & ORDER |
| Jennifer VELEZ, Commissioner, New Jersey Department of Human Services; and John R. Guhl, Director, New Jersey Department of Human Services, Division of Medical Assistance and Health Services | : : : : : : : | |
| Defendants. | : : | |

THOMPSON, U.S.D.J.,

INTRODUCTION

This matter comes before the Court upon Plaintiffs' Motions for a Preliminary Injunction, docket nos. [6] and [16]. As the two motions are essentially duplicative, this opinion and order is addressed to both. The motion has been decided upon the papers without oral argument. For the reasons stated below, the motions are GRANTED.

BACKGROUND

Plaintiffs are applicants for Medicaid benefits, specifically nursing services, in the state of New Jersey. In order to qualify for these benefits, Title XIX of the Social Security Act ("Medicaid Act") requires that applicants not possess resources with an aggregate value more than an amount specified by law. See 20 C.F.R. § 416.1201 (defining "resource"). In order to

1

prevent otherwise ineligible individuals from obtaining Medicaid benefits, Congress has enacted certain "transfer penalties" that apply to individuals who transfer away their resources to other persons for less than fair market value. Whenever a Medicaid applicant makes an uncompensated transfer of resources, the value of those resources are divided by the average monthly cost of nursing services. 42 U.S.C. § 1396p(c)(1)(A) & (B). The resulting quotient is the number of months during which the applicant will remain ineligible for benefits. However, Congress has further legislated that certain transfers of resources are exempt from the transfer penalty rules. Specifically, 42 U.S.C. § 1396p(c)(2)(B)(iii) provides that "An individual shall not be ineligible for medical assistance by reason of [the transfer penalty rules] to the extent that . . . the assets were transferred to, or to a trust . . . established solely for the benefit of, the individual's child described in subparagraph (A)(ii)(II) [describing blind and disabled children]."

Plaintiffs in this case both initially possessed resources in excess of the amount at which they would be ineligible for Medicaid benefits. In each case, before applying for benefits, Plaintiff transferred a substantial sum of money to his or her blind or disabled child. However, the state rejected Plaintiff Johns's Medicaid application, explaining that the transfer of about $203,000 to her daughter triggered transfer penalties. The state asserted that only those transfers that were made to an irrevocable trust established for the sole benefit of a disabled child are eligible for an exemption from the transfer penalty rules described in 42 U.S.C. § 1396p(c)(1). Plaintiff Sorber's application is still pending, but it appears likely that it will be rejected for the same reason. Plaintiffs argue that the state's ruling violates the Medicaid Act, and they have sued under 42 U.S.C. § 1983 to enjoin the Defendants from treating an outright transfer of assets to a disabled or blind child as a penalized transfer.

## ANALYSIS

I. Standard of Review

A preliminary injunction is an extraordinary form of relief, and it should only be granted if it appears that (1) the plaintiff is likely to succeed on the merits, (2) denial will result in irreparable harm to the plaintiff, (3) granting the injunction will not result in irreparable harm to the defendant, and (4) granting the injunction serves the public interest.  Nutra Sweet Co v. Vit-Mar Enters., Inc., 176 F.3d 151, 153 (3d Cir. 1999).  If the plaintiff fails to establish any of these elements, then the motion for preliminary injunctive relief should be denied.  Id. (citing Opticians Ass'n of Am. v. Indep. Opticians of Am., 920 F.2d 187, 192 (3d Cir.1990)).

II. Likelihood of Success on the Merits

To succeed at trial, Plaintiffs will have to prove that Defendants violated federal law by applying the 42 U.S.C. § 1396p(c)(1) transfer penalty rules to Plaintiffs' transfers of assets to their respective blind or disabled children.  Therefore, this Court must determine whether the Medicaid Act permits Defendants to impose such penalties in this situation.

42 U.S.C. § 1396p(c)(2)(B)(iii), the statutory subsection around which this case revolves, is not a model of legislative draftsmanship.  In relevant part, it reads:  "An individual shall not be ineligible for medical assistance by reason of paragraph (1) to the extent that . . . the assets were transferred to, or to a trust (including a trust described in subsection (d)(4) of this section) established solely for the benefit of, the individual's child [who is blind or disabled]."  The dispute between the parties concerns the phrase "solely for the benefit of."  Plaintiffs argue that that phrase applies only to transfers made to "a trust," while Defendants insist that the phrase also applies to transfers made to "the individual's child."  Based on their reading of the statute, the Defendants have apparently endorsed a policy that the only transfers exempt from the penalty rules are those made to irrevocable trusts established solely for the benefit of the child.

3

Defendants' reading of the statute is untenable as a matter of language. The phrase "solely for the benefit of" follows the words "a trust." That clause is set off by commas from the rest of the passage, suggesting that the "solely for the benefit" language is supposed to apply only to the noun that immediately proceeds it. Once that clause is set off from the rest of the sentence, the passage reads: "An individual shall not be ineligible for medical assistance by reason of paragraph (1) to the extent that . . . the assets were transferred to the individual's child." This reading is further supported by the fact that the "solely for the benefit" language appears to be modifying the word "established." The word "established" must in turn be referring exclusively to "a trust." In summary, it is syntactically implausible to maintain that the "solely for the benefit" language applies to transfers directly to an applicant's child. Consequentially, 42 U.S.C. § 1396p(c)(2)(B)(iii) has the effect of exempting any transfer of resources made directly to an applicant's blind or disabled child, regardless of whether the transferor makes special any arrangements to ensure that the transfer is for the child's sole benefit.

Defendants attempt to rebut this reading by invoking the purposes of the Medicaid transfer penalty rules. They argue that it would make no sense to exempt all transfers to disabled children but only to exempt transfers to trusts that have been specifically established for the benefit of such children. They also argue that, when read alongside parallel provisions concerning transfers to or from an applicant's spouse, the Plaintiffs' construction makes no sense. For their part, the Plaintiffs rebut these arguments with their own characterization of the transfer penalty rules. However, when the statutory language admits of only one credible interpretation, the Court does not need to resort to arguments of purpose or policy. This Court

finds that 42 U.S.C. § 1396p(c)(2)(B)(iii) clearly exempts outright transfers of resources to blind or disabled children.[1]

The Defendants do not dispute that the Plaintiffs' children are blind or disabled. Therefore, Plaintiffs' transfers of resources to their respective children are exempt from the 42 U.S.C. § 1396p(c)(1) transfer penalty rules. The Court thus concludes that the Plaintiffs are likely to succeed on the merits of their claim.

   III. Irreparable Harm to the Plaintiff

"The irreparable harm requirement is met if a plaintiff demonstrates a significant risk that he or she will experience harm that cannot be adequately compensated after the fact by monetary damages." Adams v. Freedom Forge Corp., 204 F.3d 475 (3d Cir. 2000). Plaintiffs identify two credible types of irreparable injury. First, Plaintiffs argue that without an injunction, they risk losing their current nursing services. Plaintiffs are both currently residing at long-term care nursing facilities, each at a cost of $9,000 or more per month. (Cert. of Robert Sorber; Cert. of Frances Lindaberry.) They assert that unless their Medicaid applications are approved soon, they are at risk of being evicted from those facilities. (Id.) According to the affidavits executed by Plaintiffs' children, Plaintiffs require significant personal care on a daily basis, which they would not receive if they are evicted. (Id.) Defendants accept these facts as alleged (Def.'s Mem. of Law in Opp. to Inj. Relief 2) and respond to these claims by arguing that if Plaintiffs are worried

---

[1] This Court also notes that the State Medicaid Manual, which the Defendants submitted in support of their opposition (see Cert. of Dana Rosenheim), specifically reads:
> There are a number of instances where, even if an asset is transferred for less than fair market value, the penalties . . . do not apply. These exceptions are:
> . . .
> B. The assets were:
> . . .
> Transferred to the individual's child, or to a trust . . . established solely for the benefit of the individual's child

State Medicaid Manual § 3258.10. These regulations clearly adopt the position taken by this Court—that the "solely for the benefit" language applies only to trusts, not to transfers directly to the individual's child.

about their nursing bills, they should either ask their children to return the transferred money or else they should have never given the money away in the first place.  Essentially, Defendants are repeating the substance of their transfer penalty argument, insisting that the Court should treat the money transferred as if it were available to pay for nursing services.  But, as explained above, that transfer was within a valid exemption.  It would clearly frustrate the purpose of that exemption to treat those funds as still belonging to the applicant for purposes of determining irreparable injury.  Defendants make the further argument that the fear of discharge for nonpayment of fees is not irreparable injury because of New Jersey regulations governing discharge.  However, nothing in the regulations cited by Defendants provides any assurances that Plaintiffs would continue to receive necessary care pending the outcome of a trial on the merits.  See N.J.A.C. 8:39-4.1(a)(31) & (32) (permitting discharge for nonpayment of fees after 30 days' written notice).

Plaintiffs also claim that they will suffer irreparable injury in the absence of a preliminary injunction because the Eleventh Amendment gives the state immunity from an award of retroactive benefits, except for the three months immediately preceding an outcome in their favor.  See Edelman v. Jordan, 415 U.S. 651 (1974); 42 U.S.C. § 1396a(a)(34).  In Edelman, the Supreme Court held that a plaintiff could not recover wrongfully withheld welfare benefits by suing a state officer in federal court.  415 U.S. 651.  That holding controls this case.  Since Plaintiffs will not be able to obtain full monetary compensation at trial, they will be irreparably harmed by a failure to award an injunction at this stage in the proceedings.

Plaintiffs have adequately demonstrated that they will suffer two forms of irreparable harm—a serious risk of discharge from nursing facilities and an inability to recover improperly withheld benefits after a trial on the merits.

6

IV. Harm to the Defendant

If granting the injunction will cause greater harm to the Defendant than the Plaintiff would suffer if the injunction were denied, the Court should generally not grant the injunction. Nutra Sweet Co., 176 F.3d at 153.  Defendants have not identified any harm they will suffer beyond the out-of-pocket expenses required to pay Plaintiffs' benefits.  As was previously mentioned, Plaintiffs face the prospect of losing both day-to-day care and any back benefits they may be due at the time a final order is entered.  This Court determines that the harms at issue in this case fall much harder upon the Plaintiffs than the Defendants.  Balancing the hardships therefore weighs in favor of granting a preliminary injunction.

V. The Public Interest

The last prerequisite for granting a preliminary injunction is that granting the injunction must be in the public interest.  Id.  In their briefs, both Plaintiffs and Defendants raise essentially the same argument—that the public has an interest in seeing the Medicaid Act enforced and applied correctly by the state.   This Court agrees that the public has an interest in seeing Medicaid benefits administered in accord with the law, which—as explained above—requires that the state refrain from applying the transfer penalty rules to outright transfers of assets to Plaintiffs' blind or disabled children.  See Part II, supra.  The Court therefore concludes that the public interest weighs in favor of granting a preliminary injunction.

## CONCLUSION

Plaintiffs have demonstrated that all four factors relevant to the consideration of a motion for preliminary injunction weigh in their favor.[2]

---

[2] In the final two pages of their brief, Defendants include a brief argument to the effect that Plaintiffs should pursue their appeals before a state administrative tribunal instead of federal court.  Defendants do not explain if this argument is relevant to the consideration of Plaintiffs' motions for preliminary injunctive relief, or if they are instead petitioning this Court to dismiss the matter entirely.  In either event, it suffices to note that in a remedial action under

It is therefore ORDERED, on this 20th day of October, that Plaintiffs' Motions for a Preliminary Injunction (docket nos. [6] and [16]) are GRANTED.

It is further ORDERED that, to the extent consistent with this opinion, Defendants are enjoined from applying the asset transfer penalties described in 42 U.S.C. § 1396p(c)(1) to Plaintiffs' outright transfers of assets to their respective blind or disabled children.

It is further ORDERED that the August 11, 2009 action of the Burlington County Board of Social Services denying Plaintiff Johns's application and imposing a penalty period of 27 months, 29 days be set aside, and that the Board reconsider Plaintiff Johns's application for Medicaid benefits in a manner consistent with this opinion.

It is further ORDERED that this injunction shall remain in effect until this Court orders otherwise.

/s/ Anne E. Thompson

ANNE E. THOMPSON, U.S.D.J.

---

42 U.S.C. § 1983, there is no requirement that Plaintiffs exhaust state-provided remedies before filing in federal court. See Patsy v. Bd of Regents, 457 U.S. 496 (1982); Ohio Civil Rights Commission v. Dayton Christian Schools, Inc., 477 U.S. 619 (1986). For additional discussion of the law surrounding the application of § 1983 and the propriety of federal court abstention in Medicaid benefits cases, the Court refers the parties to its recent opinion and order in Sable v. Velez, 09-cv-2813 (D.N.J. October 2009) (denying Defendant's Motion to Dismiss).